## GEORGE MOORE v. W. O. COLT.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued May 1, 1889—Decided June 28, 1889.
[To be reported.]

(*a*) A contract under seal for the sale of an omnibus line provided: "And the party of the first part are not to engage in or use their influence in opposition to the party of the second part, in the passenger, mail or express business in any manner or form. And each party is hereby held and fully bound in the sum of $300 for the faithful fulfilment of the above contract."

1. The last provision contemplated a penalty rather than stipulated damages, and, in an action for the breach of his covenant by the vendor in re-engaging in the same business, the vendee was entitled to recover the actual damages he had sustained.

2. In such action, it was not error to admit testimony that defendant, in

violation of his covenant, had carried a certain number of passengers, which at the regular rates amounted to a certain sum, as evidence of the damages to which plaintiff was entitled.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 406 January Term 1889, Sup. Ct.; court below, No. 156 November Term 1885, C. P.

On March 24, 1886, W. O. Colt declared in covenant against George Moore, surviving R. G. Moore, charging the breach of a contract under seal dated May 1, 1880, whereby George and Robert Moore, trading as Moore Brothers, agreed to sell to William O. Colt their interest and good will in an omnibus business between Waterford and Waterford station, together with certain property, for the sum of $150, payable in instalments, the contract containing the following clause:

" And the party of the first part are not to engage in, or use their influence in opposition to the party of the second part, in the passenger, mail or express business in any manner or form. And each party is hereby held and fully bound in the sum of three hundred dollars for the faithful fulfilment of the above contract."

The damages were laid at $600. The defendant pleaded the general issue.

At the trial on December 13, 1888, it appeared that in August, 1884, one S. E. Dewey obtained a contract from the Post Office Department for carrying the mails between Waterford borough and Waterford station, on the Philadelphia & Erie Railroad, and established an omnibus line to carry passengers and packages between said points. George Moore, the defendant, was employed by Dewey as manager of the line, at the wages of $50 per month. Claiming that the employment of George Moore constituted a breach of his covenant, the plaintiff brought this suit.

William O. Colt, the plaintiff, testified that the defendant solicited passengers for his employer; sometimes he would carry five or six a day, sometimes fifteen or twenty; his name was painted on the omnibus as manager:

Q. What damage has Mr. Moore's breach of the contract been to you in carrying passengers and express matter between Waterford borough and Waterford station?

Objected to, if it is to give a measure of damages to the jury.

By the court: Objection overruled, evidence admitted; exception.[1]

Q. State the amount of it?

Objected to, as incompetent.

By the court: Objection overruled, evidence admitted; exception.[1]

On cross-examination, the witness testified that he had kept a memorandum of the number of passengers carried by the defendant on each day.

At the close of the case on the testimony, the court, GUNNISON, P. J., charged the jury in part as follows:

[The counsel for the defendant asks the court to charge you that the limit of the damages that the plaintiff can sustain is the $300 fixed in the agreement as a penalty, or as the sum in which each one became bound for the fulfilment of the contract. That is not the view the court takes of the contract. It is a question which is to be decided from a construction of the contract itself. The parties could make an agreement that in case of a violation by either party the party violating it should forfeit the sum of $300 to the injured party; but that is a question to be determined by the contract itself and by its language. Now, the language of the contract itself is directly contrary to that theory. It says: "Each party is hereby held and firmly bound in the sum of three hundred dollars for the faithful performance of the above contract." That makes it a penalty; not as liquidated damages. A man who is appointed a tax collector and gives a bond in a penalty of $1,000, conditioned for the faithful collection and accounting of the taxes, that is not the amount that he is bound to pay in case he violates his duty. If he collects $2,000 of taxes and does not properly account for it, the officials of the county could recover from him the full $2,000 notwithstanding the penalty in his bond was only $1,000; and, if the penalty in his bond was $1,000 and he collected all but $500, all that they could recover from him would be the $500. So in this case, the penalty is not the measure of damages. In these cases, in an action of covenant, you should give to the plaintiff the actual damages that he has sustained by reason of the violation of

the contract, if such a contract was actually delivered and consummated.

Now, on that subject the testimony does not entirely agree. The testimony of some of the witnesses is that the bus which the defendant drove went to the station at every train, and some of the witnesses say they took on an average some five or six passengers a day, and that the fare was fifteen cents for each passenger. I think the driver of the bus said it was fifteen cents without any round trip fares. It seems to have been the practice in Waterford to charge fifteen cents for a ride one way and twenty-five cents both ways, and the driver said when he drove the bus there were no round trip fares ; and he tells you, I think, that the number he carried averaged five or six each day each way, but he does not pretend to be accurate in that respect. He keeps no account of it and gives only his estimate, but that estimate is proper evidence. On the other hand, the plaintiff says that he kept an account of the amount of fares received by the defendant on each day during this time ; he don't know exactly what amount was received, but he says he knows the amount that he should have received from the passengers that he saw carried, and that the amount is $580.

The measure of damage would be the amount that he suffered by reason of the violation of the contract, and the evidence of that amount would be the number of passengers that the defendant carried and the amount of fares that he would receive, so that that would be proper for you to consider in estimating the damages, if you find for the plaintiff.] [2]

The jury returned a verdict in favor of the plaintiff for $602.42. A rule for a new trial having been discharged, the defendant took this writ, assigning as error :

1. The admission of plaintiff's offers.[1]

2. The portion of the charge included in [ ] [2]

*Mr. George A. Allen* (with him *Mr. L. Rosenzweig*), for the plaintiff in error :

When this contract was made, the parties to it could see the difficulty in measuring the damages in case of any default ; and for this reason, we urge, the parties stipulated the sum of

$300 as the amount to be paid, in case either one failed to comply with the contract. " When the damages are uncertain and not susceptible of ready ascertainment, and the sum fixed upon as damages is not unreasonable or unconscionable in view of the probable damage, and from the whole contract and the surrounding circumstances such appears to be the intention of the parties, such sum will be treated as liquidated damages ; but, where the damages are certain and susceptible of ready ascertainment, or where the sum fixed upon is out of all proportion with the probable damages, it will be treated as a penalty: " Mayne on Damages, 1st Amer. ed. 303. The rule as stated has been applied by the courts : 2 Wait's Act. & Def., 439 ; Mathews v. Sharp, 99 Pa. 560 ; Cushing v. Drew, 97 Mass. 445 ; Pierce v. Fuller, 8 Mass., 223 ; Streeper v. Williams, 48 Pa. 450. Moreover, profits, as a measure of damage in case of a breach of a contract, are not favored in law ; indeed, they are universally excluded, except when the profits are specifically stated in the contract as an item of damage contemplated, or are of the very essence of the contract.

*Mr. E. L. Whittelsey,* for the defendant in error :

1. One who violates his contract with another is liable for all the direct and proximate damages which result from the violation : Wakeman v. Wheeler & Wilson Mfg. Co., 101 N Y. 205 (54 Amer. R. 676). Losses sustained and gains prevented are proper elements of damage : Westfall v. Mapes, 3 Gr. 198. We aver that there was no difficulty in ascertaining the amount of damages sustained by the plaintiff. The amount was easily ascertained by the jury. The number of passengers carried and the amount of money received by the defendant, was peculiarly within his own knowledge ; yet he neither testified himself in relation thereto, nor offered any evidence on the subject. It was not error to instruct the jury to make an estimate as best they could, under the evidence, as to what damage the plaintiff sustained : Schlitz Brewing Co. v. McCann, 118 Pa. 314.

2. Neither Mathews v. Sharp, 99 Pa. 560, nor Streeper v. Williams, 48 Pa. 450, is parallel with the case at bar. To be bound in a penalty is one thing, and to forfeit and pay is quite another. The language in our case is the language ordinarily

used as to the penalty in a bond. "Stipulated damages can only be where there is a clear, unequivocal agreement, which stipulates for a certain sum as a liquidated satisfaction, fixed and agreed upon between the parties for doing or not doing certain acts particularly expressed in the agreement:" Robeson v. Whitesides, 16 S. & R. 320; Burr v. Todd, 41 Pa. 206. "I apprehend that it is rare in practice, in this state, to consider the sum mentioned for the purpose of enforcing an agreement in any other light than a penalty; so rare, that unequivocal indicia of intention to make it liquidated damages ought to be present, to induce courts to enforce it as such:" Curry v. Larer, 7 Pa. 470.

3. Moreover, the remedies on both sides, on non-performance, must be supposed mutual and equal: Graham v. Bickham, 2 Y. 32. Treating the $300 as liquidated damages, suppose that Colt were in default and had refused to pay the sum he agreed to pay. If the theory of the defendant be correct, Colt could be compelled to pay just twice what he had engaged to pay. Our construction of the contract is a reasonable one. If the $300 is regarded as a penalty, as contemplated by the parties, the rights of both are fully protected. If there is a breach of the conditions, and an action of covenant brought therefor, the plaintiff can recover the amount of the actual damages suffered, and the defendant could never, under any circumstances, be compelled to pay more: Shreve v. Brereton, 51 Pa. 175; Merrill v. Merrill, 15 Mass. 488; Merchants Ins. Co. v. Algeo, 31 Pa. 446; Dick v. Gaskill, 2 Wh. 184; Perkins v. Lyman, 11 Mass. 76.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant below was clearly liable for his breach of the agreement of May 1, 1880. The only question is as to the amount of damages. The jury rendered a verdict against him for $602.42. He now claims that the damages were liquidated by the article of agreement at the sum of $300. The language of said agreement is as follows: "And each party is hereby held and fully bound in the sum of three hundred dollars for the faithful fulfilment of the above contract." If we interpret this contract by this language, we have the case of a penalty. It is in almost the exact terms of the ordinary penalty of a

bond. There is no agreement "to forfeit," which in Streeper v. Williams, 48 Pa. 450, was held to be the equivalent of the words "to pay," and to be liquidated damages. In Cushing v. Drew, 97 Mass. 445, Cushing sold to Drew certain horses and wagons and the good-will of an express business in the town of W. for $650, and agreed in writing not to do any express business, or cause any to be done in that town, so long as D. should do such business there, and in case he violated the agreement he was to pay D. $900. This was held to be liquidated damages. Cushing stipulated to do a single thing, viz.: to abstain from interfering with the business of D., and if he failed in this he was to pay Drew the sum of $900. It is difficult to see how any doubt could have arisen in that case.

The one in hand is not so clear. The parties have merely bound themselves in the sum of $300 for the faithful fulfilment of their contract. That contract was that Moore (defendant below) agreed to sell to Colt (plaintiff below) all his interest and good-will in the "bus business" between the borough of Waterford and Waterford station, together with the "bus" and sleigh then in use by him, for the sum of $150, with the stipulation that the said Moore should not engage in, or use his influence in opposition to Colt, in the passenger, mail, or express business in any manner or form; each to be held and fully bound as above stated in the sum of $300. The nature of this stipulation, whether a penalty or liquidated damages, does not depend upon which party violates the agreement. Had the breach been by Colt, and he had refused to pay the $150, what would have been the measure of damages in a suit against him by Moore? Would it have been the sum he agreed to pay—$150 with interest, or would it have been the $300 as liquidated damages? The latter proposition cannot well be maintained.

There is no class of cases which come before us more difficult to determine upon any settled rule than this. It was said by Mr. Justice AGNEW, in Streeper v. Williams, supra, at page 454: "Upon no question have courts doubted and differed more. It is unnecessary to examine the numerous authorities in detail, for they are neither uniform nor consistent. No definite rule to determine the question is furnished by them, each being determined more in direct reference to its own facts than to any general rule. In the earlier cases, the courts gave more

weight to the language of the clause designating the sum as a penalty or as liquidated damages. The modern authorities attach greater importance to the meaning and intention of the parties. Yet the intention is not all controlling, for in some cases the subject-matter and surroundings of the contract will control the intention where equity absolutely demands it. A sum expressly stipulated as liquidated damages will be relieved from, if it is obviously to secure payment of another sum capable of being compensated by interest. On the other hand, a sum denominated a penalty or forfeiture, will be considered liquidated damages where it is fixed upon by the parties as the measure of the damages, because the nature of the case, the uncertainty of the proof, or the difficulty of reaching the damages by proof, have induced them to make the damages a subject of previous adjustment. . . . . Upon the whole, the only general observation we can make is, that in such case we must look to the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case." This language is so appropriate that I trust it will justify the length of the quotation.

The defendant contends that the difficulty of ascertaining the damages is a reason why the case should be treated as one of liquidated damages. The jury, however, appear to have had no difficulty upon this head. The plaintiff proved that the defendant, in violation of his contract, had carried a certain number of passengers, which at the regular rates of fare amounted to the sum found by the jury. This was just so much money practically taken out of the plaintiff's pocket, and no good reason is apparent why he should not be compensated. The defendant has no equity which would constrain us to hold that language which technically provides a penalty shall be treated as liquidated damages. It is true the whole amount he received for the business, good-will, and property was only $150. But this claim was for an interference with his business for over a year, and the direct loss to the plaintiff as found by the jury was largely in excess of the penalty. It can readily be seen that for such interference, continued for years, the sum of $300 would not be an adequate compensation.

In this view of the case we think the evidence referred to was properly admitted. It was not offered to prove speculative profits, but to show actual loss to the plaintiff. Nor do we find any error in that portion of the charge of the learned judge embraced in the remaining assignment.

Judgment affirmed.