## J. A. Burgoon, Appellant, *v.* S. L. Johnson.

*Contract—Penalty or liquidated damages.*

In an action by one physician against another it appeared that defendant who had a sore on his face, went to plaintiff, reputed to be a specialist, for treatment. Before the treatment was begun defendant insisted upon knowing what the charge would be. Plaintiff testified that he said he would require, in the event of a cure, either a certificate from defendant of his skill and proficiency as a specialist in the treatment, or $5,000 in cash; that defendant after unsuccessfully endeavoring to get the terms "a little easier," said "I guess you may tackle it." Plaintiff treated the sore and effected a cure. Defendant declined to give a certificate. *Held,* (1) that defendant, being a physician, was presumed to be able to intelligently enter into the alleged contract and to know what would be a proper charge for the services rendered; (2) that if plaintiff's testimony is to be

believed the stipulation of $5,000 was not a penalty, but an alternative mode of payment, and as defendant refused to give a certificate he was bound to pay.

Argued Oct. 25, 1899. Appeal, No. 71, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1899, No. 710, on verdict for plaintiff. Before Sterrett, C. J., Green, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Assumpsit on a contract. Before Slagle, J.

The court charged in part as follows :

The parties agree, that, one day in 1895, Dr. Johnson, the defendant, met the plaintiff upon the street; that he had some growth upon the side of his face or on his nose, and that he asked him to treat him. That he went the same day to Dr. Burgoon's office and there the conversation occurred, on which the case turns. There is no dispute that Dr. Johnson asked Dr. Burgoon what he would charge for treating him, and that he, at the same time, suggested to him that it was not customary for physicans to charge each other for personal services. They all agree to that. They both agree, further, that Dr. Burgoon told him he would treat him if he would give him a certificate, in case of cure, to that effect; that Dr. Johnson replied it was not professional to do so, that he could not do that because it was not professional that he should do it. Dr. Burgoon says that he then replied to him, " Well, then, don't." At that point comes the difference between Dr. Burgoon and Dr. Johnson, as to what was said. Dr. Burgoon says, " You can give me a certificate in case you are cured, or $5,000." Dr. Johnson says that nothing was said about the $5,000; that there was no contingency at all upon the question of his giving a certificate, but that he declined to give a certificate because he said it would not be professional for him to do so. There comes a difference between them. Then, Dr. Burgoon says, that when he said, " Well, if you don't want to give a certificate, don't; " that Dr. Johnson said, " Go ahead," or, after consideration, he said, " Well, go ahead." He did not say whether he would accept one of the contingencies or the other, but that he told him, " Go ahead." That was his proposition. Therefore you

have a right to infer that he was to go ahead upon the proposition of Burgoon, that he would give him a certificate or pay him $5,000. But Dr. Johnson says that, after saying that he could not give a certificate, Burgoon said, " Well, then you can speak kindly of me in your profession or practice," and that he said he would; that upon that Burgoon said he would charge him for the medicine and make no charge for the services, if he would speak kindly of him in case he was cured. Now, you see, there is the difference. Dr. Johnson says that he simply agreed to speak kindly of him in case he was cured, and that he had since that done so in quite a number of cases to prominent persons whom he was attending or with whom he had an opportunity to speak; that he had spoken of this cure and spoken kindly of Dr. Burgoon, and therefore had complied with his contract. Now, if the contract is as Dr. Johnson testifies, then the plaintiff would not be entitled to recover, because he had agreed to perform this cure for the payment of the medicine, and upon the promise that Dr. Johnson would speak kindly of him. If, however, you find that the contract was as Dr. Burgoon testifies; that is, that he was to give him a certificate or $5,000, then the obligation was not complied with. It is admitted that Dr. Johnson was cured. He says, partially by his own action and partly by Dr. Burgoon, but he refused to give him this certificate. . . .

The first question for you to determine is whether or not the contract was as claimed by Dr. Johnson, or whether it was as claimed by Dr. Burgoon. If you believe or find that it was as testified to by Dr. Johnson then your verdict should be for the defendant; if you find that it was as claimed by Dr. Burgoon then the plaintiff is entitled to recover something, but not the $5,000 mentioned in the bargain, because, as stated by the counsel, in a contract like that the law regards the arrangement for the paying of a sum of money in that way as a penalty, and the law does not favor penalties. The law simply regards a man as entitled to that which he has justly earned; that he is entitled simply to compensation, and is entitled to nothing by way of penalty. [In our judgment this contract would make the $5,000 condition a penalty, and therefore it cannot be recovered.] [1]

[There was another question raised by counsel as to whether

or not the measure of recovery should be the value of the certificate or the value of the services. Well, the value of the certificate is of a character which cannot be ascertained. Therefore, we do not think it is to be considered in determining the case, because in the very nature of it it is incapable of any estimation. It would simply be conjecture. Therefore the plaintiff would be limited in his recovery to the value of the services rendered, and no more, and we so instruct you in this case. If we are wrong we can be corrected, but you will take it and determine it in that way, as to the value of the services.] [2]

Verdict and judgment for plaintiff for $225. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*James S. Young*, with him *S. U. Trent*, for appellant.—The cases as far back as the case in 1 Salk. 170, are to the effect that if one agrees to do one of two things, and fails to do one, then the other must be performed: Barkworth v. Young, 4 Drewry, 1; Sedgwick on Damages, sec. 423; Wilkinson v. Colley, 164 Pa. 35.

The error of the court was in first concluding that the $5,000 was a penalty, and then in deciding that if it were a penalty the measure of damages was the value of the services, thereby altogether setting aside the contract, and saying that the services were to be recovered on a quantum meruit.

*W. P. Potter*, with him *William A. Stone* and *H. L. Castle*, for appellee.—The $5,000 was a penalty: Streeper v. Williams, 48 Pa. 450; Matthews v. Sharp, 99 Pa. 560; Clements v. R. R. Co., 132 Pa. 445; Kunkel & Jordan v. Wherry, 189 Pa. 198.

OPINION BY MR. JUSTICE BROWN, December 30, 1899:

It seems to us to be immaterial whether the affection on appellee's nose was lupus or lupus cancer, as termed by the appellant. It is sufficient to know that Dr. Johnson, a physician who had been suffering from a sore on his face, called upon Dr. Burgoon of whom he said he had heard as a specialist in

several diseases, for the purpose of being treated, and the only question before us is whether if Burgoon's version of the contract or agreement between them be true, he is entitled to recover the sum sued for. When Burgoon, professing to be a specialist, met Dr. Johnson who had sought his help, both agree that the latter insisted upon knowing what the charge would be for the treatment, and Burgoon testified that he said he would require in the event of a cure either a certificate from Johnson of his skill and proficiency as a specialist in the treatment of the trouble from which his patient had suffered, or $5,000 in cash. Assuming this to be true, did the court below properly instruct the jury that in its judgment the contract would make the $5,000, a penalty which could not be recovered? If this sum is to be considered as a penalty, the instruction was correct.

Upon no question have courts doubted and differed more than in determining whether the terms of a contract make a stipulated sum a penalty or liquidated damages. No definite rule to determine the question has been established, each case being determined more in direct reference to its own facts than to any general rule: Streeper v. Williams, 48 Pa. 450. Our Brother MITCHELL, in Keck v. Bieber, 148 Pa. 645, referring to the difficulties in the formulation of a general rule, and especially in its application, calls attention to the prominence which must be given to the intention of the parties as the controlling element. He cites approvingly March v. Allabough, 103 Pa. 335, in which the late Justice CLARK laid the same stress upon intention. In Clements v. R. R. Co., 132 Pa. 445, it was held that the intention of the parties has much to do with it, and in Keck v. Bieber, just cited, that the intent is " the principal object of ascertainment." It is unnecessary to review the authorities, our concern being simply to properly determine what the sum of $5,000 was in the case before us, and we can only do so by considering " its own facts," some admitted and others testified to by Burgoon. Johnson was a physician and, apparently not having been able to heal himself, sought Burgoon, thriftily inquiring what the latter's charge would be. Burgoon testifies that it would be the certificate, or $5,000 in cash in the event of cure, and at the same time Johnson demurred to giving this certificate, asking that the terms be made " a little easier." By

this he must have meant the cash terms.    Appellant not yielding, Johnson said, " I guess you may tackle it."    The sore was then treated and a cure effected.

Considering the subject-matter and surroundings of the case before us, as we must in determining the single question raised, and bearing constantly in mind that the intent of the parties is the principal object of ascertainment, we are not perplexed as to what we ought to do with this appeal.    It has come before us because the learned trial judge held, and it is contended by the appellee, that the $5,000 which Burgoon testifies was to be paid if the certificate was not given was a penalty, and therefore not recoverable.    In so holding the court below must have lost sight of the controlling facts in the case.    Johnson was himself a physician, seeking cure for his ailment at the hands of another.    He was not the ordinary patient calling upon a specialist, but a member himself of the medical profession, knowing according to his own testimony what his trouble was, and presumed to know what would be a proper charge for the services to be rendered—what he himself might ask—and no matter what our judgment might be under different conditions, we cannot approve the view of the court below that the $5,000 was a penalty.    If Burgoon is to be believed it was an alternative mode of payment, agreed upon by the parties capable of intelligently entering into such a contract, and the first assignment of error is sustained.    The second need not be considered. Our judgment is that the case ought to be remitted for another trial that the court may instruct the jury that if Burgoon's testimony is to be believed, Johnson must pay the sum agreed upon for the relief sought and found.

Judgment reversed and venire de novo awarded.