## Shriner v. Englert.

*Landlord and tenant—Covenants of lease—Subletting—Transfer of possession of premises to another.*

1. A lessee violates a covenant against subletting where he removes all of his personal belongings and hands over to another the exclusive and unrestricted possession of the premises.

*Landlord and tenant—Covenant against subletting—Penalty—Liquidated damages—Forfeiture.*

2. Where a lease recites several covenants, including a covenant against subletting, and provides that the lessee shall not violate them "under penalty of instant forfeiture of the term and payment of $1000 as additional rent," the money payment is a penalty and not liquidated damages.

3. Where a breach applies to several matters of different degrees of importance, and the sum stipulated is payable for the breach of any, even the least important, the stipulated sum will be held to be a penalty

4. Where a lease provides for the payment of a sum stated as a penalty upon a forfeiture of the term for violation of a covenant against subletting without consent of the lessor, the lessor cannot recover such sum for a breach where he does not declare a forfeitue of the term, but continues to collect the rent from the lessee after the latter has sublet the premises to another.

Motion for judgment *n. o. v.* C. P. Butler Co., Sept. T., 1922, No. 3.

*W. H. Martin,* for plaintiff; *Wilson* and *McQuistion,* for defendant.

HENNINGER, P. J., June 12, 1926.—This is a suit in *assumpsit,* brought by a landlord against his tenant to collect damages for a breach of covenant against subletting. The lease is in writing and the material covenants as follows:

"The tenant covenants to pay as rent the sum of Two Hundred ($200.00) Dollars on the first day of April, 1920, and a like sum monthly in advance during the term; to pay all water taxes assessed on the premises, and for

all gases used thereon; to make all necessary repairs thereto and to keep the premises clean and free of rubbish during the term, and, if the lessor pays for the same or any part thereof, it shall be additional rent payable forthwith; to remove no improvements made by the tenant, nor alter the premises, nor neglect the care of water pipes and plumbing in cold weather, nor sublet the same or any part thereof, nor assign this lease, without the written consent of the lessor, under penalty of instant forfeiture of the term and payment of One Thousand ($1,000.00) Dollars as additional rent."

Plaintiff contends that the defendant has sublet the premises during the term of the lease, and thereby became indebted to him in the sum of $1000. Defendant contends that he did not sublet the premises; that the $1000 mentioned in the lease is a penalty and not liquidated damages, and, therefore, uncollectible, and that, whether a penalty or liquidated damages, it is not payable because the lease was not forfeited on account of the alleged breach.

We directed a verdict in favor of the plaintiff and against the defendant for the amount of the claim, with interest from the date of suit, and now have before us for disposition a motion on the part of the defendant for judgment n. o. v. In disposing of this motion we have three question to decide. First, whether or not the covenant against subletting was breached; second, whether or not the $1000 mentioned in the lease is a penalty or liquidated damages; third, whether or not, if liquidated damages, it is collectible when the lease has not been forfeited on account of the breach. If either one of the said questions is resolved in favor of the defendant, the pending motion must prevail.

The defendant was in possession of the premises by virtue of a written lease dated April 1, 1920. The term of the lease was two years. The property was a certain hotel property, of which the defendant was in possession as tenant of the plaintiff for a number of years before this lease began. During the term of the lease in question defendant concluded to quit the hotel business and remove to the City of Pittsburgh. In furtherance of this conclusion, he removed all his personal belongings to Pittsburgh and then turned over to John R. Ertzberger, one of his employees, the possession of the hotel property and all its hotel fittings and furnishings. The possession thus delivered was exclusive and unrestricted. John R. Ertzberger took possession of it, not as an employee of the defendant, but as the sole proprietor of the property, to use at his pleasure and for his sole benefit for the balance of the term of the lease. Defendant completely severed all his connections with the property and granted to the said Ertzberger both the possession and the right of possession. By doing so defendant could not escape the payment of rent. Hence, he continued paying it monthly until the end of the lease.

We are of opinion that the undisputed facts constitute a subletting of the premises, and thereby a breach of the covenant against subletting. The case of Callen v. Hilty, 14 Pa. 286, upon which defendant relies in his contention that the arrangement was a license and not a lease, is not in conflict with our view. There, the possession and the right of possession were not exclusive, but restricted. Here, both the possession and the right of possession are absolute, exclusive and unrestricted. The distinguishing feature between a lease and a license is the character of the possession and of the right of possession. If they are restricted, the grant is a license; if they are unrestricted, the grant is a lease. In this case the possession and the right of possession that defendant granted to John R. Ertzberger was as full and complete as he himself had; he reserved nothing. No question is or can be raised as to his status as tenant, so he that holds the same estate must also

Shriner v. Englert.

be a tenant. As John R. Ertzberger held the full and unrestricted possession, together with the right of possession, by reason of an agreement with defendant, he necessarily became defendant's tenant and plaintiff's sub-tenant and the agreement by which he granted the right is a sub-lease and not a license. Leases for three years or less need not be in writing. Therefore, a valid sub-lease can be created in parol.

We are also of the opinion that the $1000 payment mentioned in the lease and sought to be collected in this action is a penalty and not liquidated damages. In distinguishing between the two, the law favors the conclusion of a penalty, and, therefore, we have the presumption of law that it is a penalty. The lease, by express terms, states that it is a penalty, but neither the presumption of law nor the declaration in the lease, or both together, are conclusive of the question, but they are circumstances to be used in distinguishing between a penalty and liquidated damages. We have certain rules that are well defined and reasonably clear by which we distinguish between penalties and liquidated damages, two of which are in point: "We must look at the language of the contract; the intention of the parties as gathered from all its provisions; the subject of the contract and its surroundings; the ease or difficulty of measuring the breach in damages and the sum stipulated, and from the whole adopt the view which good conscience and equity dictate:" Streeper v. Williams, 48 Pa. 450; Keck v. Bieber, 148 Pa. 645.

"Where the breach applies to several matters of different degrees of importance and the sum stipulated is payable for the breach of any, even the least important, the stipulated sum will be held to be a penalty:" Keck v. Bieber, 148 Pa. 645; Wilkinson v. Collery, 164 Pa. 35.

A careful consideration of the covenants of the lease, the punctuation thereof, and the import, have led us to construe the lease so that the breach for which the amount is stipulated applies to several matters of different degrees of importance and is payable under the strict terms of the lease if either of the following covenants are breached: The covenant against the removal of improvements placed on the premises by the tenants; the covenant against altering the premises by the tenant; the covenant against allowing water pipes and plumbing to be destroyed by freezing, and the covenant against subletting the premises or any part thereof, or assigning the lease without the consent of the landlord. These matters are of varied degrees of importance, and each one in itself covers a wide range of circumstances. It would be extremely inequitable to specify $1000 as liquidated damages for the removal of a trifling improvement made by the tenant, or for making a trifling alteration, or for the destruction of a few pipes by freezing, or for the subletting of an insignificant part of the hotel property, yet by the express terms of the lease the said amount would be exacted for any of those breaches, however trifling. The probability that such may result pronounces the amount stipulated a penalty as distinguished from liquidated damages. If the $1000 payment stipulated in the lease should be held to apply only to the clause against subletting, as contended for by plaintiff, the case still will come under the rule. The clause against subletting reads: "Nor sublet the same (hotel property) or any part thereof." The subletting of any part would breach this covenant. It may be but of the garage, the garden lot, the basement, the bar-room, the kitchen, or any single room or set of rooms in the hotel. The same amount of penalty is provided, however small the breach. Therefore, the rule applies to such conditions and declares the amount stipulated to be a penalty and not liquidated damages. Equity could not decree otherwise without lending itself to the grossest inequity.

### Shriner *v.* Englert.

We are also of opinion that plaintiff is not entitled to recover the $1000 stipulated in the lease, even if the same should be liquidated damages, because under the very terms of the lease it is only payable upon a forfeiture of the term. Plaintiff has never declared a forfeiture and does not contend now that a forfeiture took place, but, on the other hand, he accepted the rent for the full term of the lease and now does not controvert the fact that he thereby waived the forfeiture. We are unable to see how plaintiff could waive the forfeiture of the term and at the same time collect the stipulated $1000. The waiver of the forfeiture of the term must necessarily waive the right to collect the $1000, because they are together the specified remedy of the breach of subletting. The clause authorizing the forfeiture of the lease and the payment of the $1000 is one and inseparable, placed in the lease for the sole benefit of the lessor, the plaintiff in this action. He has the right to waive the forfeiture or enforce it, but he could not separate and waive part and forfeit the balance. He stipulated that the property may not be sublet, under penalty of instant forfeiture of the term of the lease and the payment of $1000. When he waived the termination of the lease, he necessarily also waived the payment of the $1000. There is no contention on the part of the plaintiff that the receiving of the rents for the balance of the term would not constitute a waiver of the forfeiture.

Defendant sublet the property to one of his employees, John R. Ertzberger, who is plaintiff's nephew. Plaintiff knew of the subletting when it was done and expressed no dissatisfaction. At the end of the term, he renewed the tenancy by entering into a new lease with his said nephew and collected the rent for the balance of the term from the defendant monthly, and made no complaint of the fact that it had been sublet to his nephew, nor made any claim or demand for the $1000 stipulated in the lease. Some months after the lease had expired he brought this suit. We are unable to escape the conclusion that his actions were a waiver of the breach as to subletting and his right to declare a forfeiture and collect the stipulated penalty. It was clearly in the contemplation of the parties when they entered into this lease that defendant might sublet by obtaining plaintiff's consent, and might sublet without his consent at the risk of having the lease forfeited and paying $1000 as additional rent for the time that he held the property, but it was not in the contemplation of the parties that the lease should remain in force and the rent paid for the entire term and $1000 paid as additional rent. It would require extremely plain language for a court to so hold. The $1000 was stipulated as compensation to the plaintiff in case defendant's actions should make it necessary for plaintiff to declare a forfeiture of the lease and oust an unsatisfactory tenant and have his property idle until a satisfactory one was obtained. The tenant to whom the defendant sublet was acceptable to the plaintiff, and while he did not consent in writing, yet he collected the rent and made no objections. As the tenant was acceptable, no damage could result from the breach of covenant, and no stipulation for damages on that account was necessary. Subletting was in the contemplation of the parties, and all that plaintiff had a right to expect from it was a satisfactory tenant. To insure that, the clause that it may not be sublet without his written consent was inserted. No reason appears, or was even suggested, why the tenant was not satisfactory, and the fact that he continued him at the end of the lease is strong indication that he was. Defendant did not ask to be relieved from the payment of the rent. Therefore, plaintiff's claim for the $1000 in controversy had no foundation in either good conscience or in equity. When

Shriner *v.* Englert.

he waived the forfeiture, he waived with it the right to collect the $1000 and may not recover in this case.

Now, June 12, 1926, upon due consideration, the motion for judgment *n. o. v.* on the part of the defendant is granted, and judgment is directed to be entered in favor of the defendant and against the plaintiff *non obstante veredicto* for costs of suit. An exception to this order is noted for the plaintiff.

From Thomas H. Greer, Butler, Pa.