GEORGE FASLER vs. HENRY B. BEARD.

June 25, 1888.

Liquidated Damages—Covenant to Remove Incumbrance.—Upon the sale and conveyance, by deed with covenants, of certain lands to plaintiff, the defendant entered into a special agreement with him whereby he covenanted to cause a certain mortgage appearing of record as an incumbrance upon the same to be discharged within one year, time being made essential; and, in case of his default, damages for the breach of such covenant were fixed and stipulated at the sum of $500. It was also agreed that such covenant should in nowise lessen the force and effect of the covenants in the deed. *Held*, that the injury that plaintiff might suffer by reason of the cloud on his title if the incumbrance were not removed as

agreed was the proper subject of the special agreement, and the indemnity therefor separate and distinct from that provided by the covenants in the deed, and that the damages were such as might properly be fixed and agreed upon by the parties, in advance, as liquidated damages.

**Same—Penalty.**—Rule in respect to stipulated damages, as distinguished from penalties, stated.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial, after a trial by the court.

*Babcock & Bacon* and *D. W. Knowlton*, for appellant.

*Brooks & Hendrix*, for respondent.

VANDERBURGH, J. Certain lots sold and conveyed to plaintiff by defendant were, at the time, together with other lands, covered by a mortgage then appearing of record to secure the sum of $11,500. Upon the date of such conveyance, and as a part of the same transaction, and in consideration of the purchase price of the premises, the defendant executed, under his hand and seal, the instrument described in the complaint, and which is made the foundation of this action, which is brought to recover the sum of $500 damages therein stipulated; it being therein expressly covenanted by defendant, at his own cost and expense, within one year, to cause the mortgage "to be fully satisfied and discharged of record as to the aforesaid premises;" time being also expressly made of the essence of the contract. The court finds the contract and breach thereof to be as alleged, and the mortgage still remains unsatisfied of record, and a cloud upon the plaintiff's title. The defendant contends that the provisions of the contract in relation to stipulated damages is so far controlled by the further clauses in respect to defendant's liability upon his covenants in the deed that it must be construed as a penalty merely, and that plaintiff is limited to a recovery of actual damages, which must be shown. The additional clause relied on is as follows: "But this agreement shall in nowise lessen the force or effect of the covenants of said party of the first part contained in the deed of conveyance of the premises, by him this day executed and delivered to said party of the second part." The reason or inducement for the covenant sued on appears in the recital which precedes it, viz.: "and whereas,

the said mortgage has not been satisfied of record, and still appears and is a cloud upon the title of said premises as conveyed to said party of the second part." It will be observed that the covenant is to cause the said mortgage to be fully satisfied and discharged of record "within one year." We are not advised, since the deed was not introduced in evidence, what the covenants in the deed are, the operation of which are understood not to be affected by the special covenant.

By reference to the agreement in question, it appears that the mortgage covered other lots besides those purchased by plaintiff. What the plaintiff was interested in was (1) to have the defendant clear the record of the mortgage, as a cloud upon his title, by securing a release thereof upon the record, as respects the particular lots purchased, within one year; (2) in at the same time preserving his remedy, under the covenants in the deed, for damages arising from the breach of such covenants. Plainly, the object of the covenant sued on was to indemnify the plaintiff for damages which he might suffer if the mortgage was not discharged of record within the time specified, and which would not be the proper subject of an action upon the covenants in the deed, and which might arise even though no cause of action accrued under such covenants. It does not appear whether the debt secured by this mortgage is yet due, and it is not shown to have been paid. And, unless the mortgage was paid, plaintiff could not enforce a release or partial release under Gen. St. 1878, c. 40, § 37, nor could he proceed to recover damages against defendant under section 35. *Hawthorne* v. *City Bank*, 34 Minn. 383, (26 N. W. Rep. 4.) Nor, as before suggested, does it appear that the deed contained a covenant against incumbrances, so as to bring the case within section 35. But the damages which the plaintiff would suffer by reason of the failure to remove the cloud upon his title might be very serious,—*Conkey* v. *Dike*, 17 Minn. 434, (457, 465;)—and it was a proper subject of a special agreement between the parties, and, under the circumstances, must be deemed supplementary to any recovery he would have been entitled to by virtue of the covenants in his deed, or under the section of the statute last referred to. The defendant was given one year in which to

secure the release, and a cause of action arose immediately upon the expiration thereof. It was evidently a proper case for liquidated damages; and, the parties having adjusted them by their agreement, in view of all the circumstances, the sum mentioned must be taken as the measure of the plaintiff's recovery. *Hall* v. *Crowley*, 5 Allen, 304, (81 Am. Dec. 745.)

As a general rule, where the injury is susceptible of a definite measurement, as in all cases where the breach consists in the non-payment of money, the parties will not be allowed to make a stipulation for a further amount, whether in the form of a penalty or liquidated damages. But where, on the other hand, the injury in question is uncertain in itself, and insusceptible of being reduced to a certainty by a legal computation, it may be settled beforehand by a special agreement. Bisp. Eq. § 179. And where the damages are uncertain, and not capable of being ascertained by any certain or known rule, it will be inferred that the parties intended the sum as liquidated damages. 2 Greenl. Ev. § 259.

There is no error apparent upon the record for which a new trial should be granted.

Order affirmed.