## ROBERT J. CARTER *vs.* LAURITZ A. STROM.

### October 29, 1889.

Contract—Sum Stipulated as Damages, when held a Penalty.—Where a contract, specifying one certain sum as liquidated damages, contains various stipulations, to all of which the clause as to damages is clearly applicable, such stipulations either varying greatly in their character and importance, or being of such a nature that the damages from a breach of some of them could be easily and certainly measured, and especially if such damages would obviously be inconsiderable as compared with the sum stated in the agreement as damages, the latter should be regarded as a penalty, and not as liquidated damages.

Appeal by defendant from an order of the district court for Ramsey county, *Baxter*, J., presiding, (before whom, acting for a judge of the second district, the action was tried, without a jury,) refusing a new trial.

*E. R. Holcombe*, for appellant.

*Brown & Schrader*, for respondent.

DICKINSON, J. The plaintiff and defendant executed an agreement in writing for the exchange of lands. The plaintiff was to pay to the defendant $225 upon the exchange of deeds. The lands to be exchanged were incumbered, and each party agreed to assume and pay the incumbrance upon the lands to be by him received in exchange. The defendant also agreed to make, within a specified time, certain specified improvements in the buildings upon the land which he was to convey, and to "assign the insurance." Each party was to furnish to the other an abstract of title. The agreement contained the further provision that "the party who is in default in any of the conditions herein is to pay the other the sum of $200 as stipulated damages." The defendant having refused to perform this agreement, this action is prosecuted to recover the sum specified therein as stipulated damages. Without any proof of actual damages a recovery was allowed of the stipulated sum. This appeal raises the question whether the sum named in the contract is to be construed as a penalty or as liquidated damages.

It may be stated as a general proposition, sustained by the great weight of authority, that where a contract, specifying one certain sum as liquidated damages, contains various stipulations, to all of which the clause as to damages is clearly applicable, such stipulations either varying greatly in their character and importance, or being of such a nature that the damages from a breach of some of them could be easily and certainly measured, and especially if such damages would obviously be inconsiderable as compared with the sum stated in the agreement as damages for any breach, the latter should be regarded as a penalty, and not as liquidated damages. *Kemble* v. *Farren*, 6 Bing. 141; *Magee* v. *Lavell*, L. R. 9 C. P. 107; *In re Newman*, 4 Ch. Div. 724; *Lampman* v. *Cochran*, 16 N. Y. 275; *Daily* v. *Litchfield*, 10 Mich. 29; *Trustees, etc.*, v. *Walrath*, 27 Mich. 232; *Cheddick* v. *Marsh*, 21 N. J. Law, 463; *Trower* v. *Elder*, 77 Ill. 452; *Hamilton* v. *Overton*, 6 Blackf. 206; *Lyman* v. *Babcock*, 40 Wis. 503; Leake, Cont. 1096, 1097; 3 Pars. Cont. 161; 1 Suth. Dam. 521 *et seq.*; 19 Cent. Law J. 282. This case is controlled by these authorities. Giving due force to the word "any," the agreement as to the payment of $200, in case of default in any of the conditions specified, must be deemed applicable alike to all of the several stipulations of the parties. If, then, this be regarded as liquidated damages, that precise sum would be recoverable for any one of several breaches of the agreement which might have occurred therefrom; such as a refusal by either party to convey his land, or to perform the contract in any particular; default in the payment of some small portion of the incumbrances assumed and agreed to be paid, even though the sum unpaid might be no more than one-tenth of the $200 specified as damages; a neglect in some particular to complete the specified improvements, or to assign the insurance, or to furnish abstracts of title. It is not to be supposed that the parties intended that their agreement should have such an effect, and, following what we deem to be the well-established rule in such cases, the stipulated sum is construed as a penalty, and the order refusing a new trial is reversed.