MATTHEW WALSH v. EUGENE T. CURTIS and Others.

July 8, 1898.

Nos. 11,011—(179).

**Litigation—Compromise Agreement—Stipulation—Penalty.**

> C. & W. commenced an action against B. for $2,200. B. answered, setting up counterclaims aggregating $6,000. Subsequently on February 1, 1897, the parties entered into a compromise agreement, by the terms of which B. agreed to withdraw his answer, and to pay C. & W. $1,000 in instalments, as follows: $100 in cash, $200 March 1, $200 May 1, $250 July 1, and $250 September 1, 1897; and, as security for the performance of the contract, to assign a 10-year leasehold interest held by him, yielding a net income of $500 per year. It was further agreed that, if B. failed to pay any of said instalments within 10 days after it came due, C. & W. could enter judgment in said action for the sum of $2,200, less the amount paid by B. under the contract. He paid all of the instalments except the last one. *Held*, it cannot be presumed, from the above facts, that the stipulation for judgment for the $2,200, less the amount so paid, is not a stipulation for a penalty.

Action in the district court for Hennepin county by plaintiff, as assignee of Jacob Barge, insolvent, to restrain defendants from entering judgment against Barge in an action commenced by defendants against Barge before the assignment, and to compel defendants to transfer a leasehold estate to plaintiff as the property of Barge. The court, Lancaster, J., ordered judgment for plaintiff on the pleadings; and, from an order denying their motion for a new trial upon the issues raised by the pleadings, defendants appealed. Affirmed.

The stipulation mentioned in the opinion contained these clauses:

"It is further stipulated that in compromise and adjustment of the demand of the plaintiffs set out in the complaint in this action the defendant will pay and the plaintiffs will accept, in full settlement thereof" (here follow the amounts of the several instalments) "said deferred payments to be evidenced by defendant's promissory notes, bearing 6 per cent. interest from date until paid."

"In case the defendant shall fail to make any of the payments hereinbefore specified, at the time and in the manner stated, and default shall continue for ten days, it is hereby stipulated that the plaintiffs in the above entitled action may enter judgment in their favor and against the defendant for the sum demanded in the complaint, together with costs and disbursements of this action, upon giving three days' notice to the defendant and his attorney" * * * "without notice of taxation of costs, deducting only the sums that may have been paid by the defendant under this stipulation."

*Wilson & Van Derlip*, for appellants.

The stipulation in the case at bar cannot be sustained as a valid accord and satisfaction. A promise to take a less sum in satisfaction of a greater, where the greater sum is fixed and liquidated or is ascertainable by mere mathematical calculation, is without consideration and void; and, after taking it and agreeing to discharge the debtor, the creditor may recover the balance. Sonnenberg v. Riedel, 16 Minn. 72 (83); Clark v. Abbott, 53 Minn. 88. See also Schweider v. Lang, 29 Minn. 254; Stearns v. Johnson, 17 Minn. 116 (142); Schmidt v. Ludwig, 26 Minn. 85; Mason v. Campbell, 27 Minn. 54; Geib v. Reynolds, 35 Minn. 331; Hoxsie v. Empire, 41 Minn. 548; Combination S. & I. Co. v. St. Paul C. Ry. Co., 47 Minn. 207; 1 Am. & Eng. Enc. (2d Ed.) 420; White v. Gray, 68 Me. 579; Schlitz v. Meyer, 61 Wis. 418; Cannon R. M. Assn. v. Rogers, 46 Minn. 376; Kromer v. Heim, 75 N. Y. 574; Morehouse v. Bank, 98 N. Y. 503.

A stipulation reserving to a creditor the right to have full payment of the money due on an existing contract, in case there should be a failure to pay a smaller sum on a specified day, is not a penalty. 1 Pomeroy, Eq. (2d Ed.) § 438. In such case time is of the essence of the contract. Ex parte Bennet, 2 Atk. 527; Davis v. Thomas, 1 Russ. & M. 506; Ford v. Chesterfield, 19 Beav. 428; Thompson v.

Hudson, L. R. 4 Eng. & Ir. App. 1; Wells v. Smith, 2 Edw. Ch. 78. See also City of Winona v. Thompson, 24 Minn. 199; City of Winona v. Minnesota Ry. C. Co., 27 Minn. 415; Steele v. Bond, 32 Minn. 14; Bohn M. Co. v. Lewis, 45 Minn. 164; McManus v. Duluth, C. & N. R. Co., 51 Minn. 30. That the clause in question is not intended as a penalty, and that it is lacking in every penal attribute, is clear. Thompson v. Hudson, supra; Ford v. Chesterfield, supra; Davis v. Thomas, supra; Ex parte Bennet, supra; Rose v. Rose, 1 Amb. 331; Ex parte Vere, 1 Rose, 281; Bonafous v. Rybot, 3 Burr. 1370; Sterne v. Beck, 1 De G., J. & S. 595; Sewell v. Musson, 1 Vern. 210; Mackenzie v. Mackenzie, 16 Ves. 372; Ex parte Burden, L. R. 16 Ch. Div. 675; U. S. Mortgage Co. v. Sperry, 138 U. S. 313; Holles v. Wyse, 2 Vern. 317; Stanhope v. Manners, 2 Eden, 197; Nicholls v. Maynard, 3 Atk. 519; Union Bank v. Ingram, L. R. 16 Ch. Div. 53; Hallifax v. Higgens, 2 Vern. 134; Herbert v. Salisbury, L. R. 2 Eq. 221; Reeves v. Stipp, 91 Ill. 609.

*Henry J. Gjertsen,* for respondent.

The agreement to accept the new promise in full settlement and adjustment of the old amounts to a satisfaction thereof, particularly when ample security is given for the performance of the new contract. Coit v. Houston, 3 Johns. 243; Mason v. Campbell, 27 Minn. 54; Boyd v. Hitchcock, 20 Johns. 76; Le Page v. McCrea, 1 Wend. 164; Nevins v. Depierries, 1 Edm. N. Y. Sel. Cas. 196; Pardee v. Wood, 8 Hun, 384; Dolsen v. Arnold, 10 How. Pr. 528; Colburn v. Gould, 1 N. H. 279; Pulliam v. Taylor, 50 Miss. 251; Babcock v. Hawkins, 23 Vt. 561; 1 Am. & Eng. Enc. (2d Ed.) 423.

The stipulation for the payment of the larger sum, in case of default in the payment of the smaller one by a specified day, is a stipulation for a penalty, and is void. Where the minds of the parties have met in the adjustment of a disputed claim, and they have agreed, in writing, as to the amount that shall be paid by way of adjustment, and security has been given for the performance of the agreement, as in this case, then any stipulation requiring the payment of a larger sum, because of default in the payment of a smaller sum, in the very nature of things must be treated as a penalty. Stewart v. Grier, 7 Del. 378; Thompson v.

Hudson, L. R. 4 Eng. & Ir. App. 1; 1 Pomeroy, Eq. Jur. § 435; Mason v. Callender, 2 Minn. 350. See also Cushing v. Drew, 97 Mass. 445; Wallis v. Carpenter, 13 Allen, 19; Dimech v. Corlett, 12 Moore, P. C. 199; Streeper v. Williams, 48 Pa. St. 450; Lampman v. Cochran, 16 N. Y. 275; Bagley v. Peddie, 16 N. Y. 469; Clement v. Cash, 21 N. Y. 253; Dakin v. Williams, 17 Wend. 447; Aylet v. Dobb, 2 Atk. 238; Tiernan v. Hinman, 16 Ill. 400; Kuhn v. Myers, 37 Iowa, 351; Hoag v. McGinnis, 22 Wend. 163; Niver v. Rossman, 18 Barb. 50; Gray v. Crosby, 18 Johns. 218; 1 Pomeroy, Eq. Jur. § 444; City v. Cullinane, 4 Okl. 457; Bonafous v. Rybot, 3 Burr, 1370; Gowlett v. Hanforth, 2 Wm. Bl. 958; Mayo v. Judah, 5 Munf. 495.

CANTY, J.

The defendants herein brought an action against one Barge to recover the sum of $2,200. Barge put in an answer containing several counterclaims, for the aggregate amount of $6,000. Thereupon the parties in February, 1897, entered into a written agreement of compromise, by the terms of which Barge agreed to withdraw his answer, and pay these defendants $1,000, in instalments, as follows: $100 in cash, $200 March 1, $200 May 1, $250 July 1, and $250 September 1, 1897,—with interest on all of said payments, except the first one, at the rate of 6 per cent. per annum. It was further stipulated that, if Barge should fail for 10 days after any of these instalments came due to pay the same, these defendants might enter judgment in their favor, and against him, in that action, for the sum demanded in the complaint therein, with costs and disbursements, after deducting the sums that may have been paid by Barge under the agreement. To secure the performance of the contract on his part, Barge agreed to assign, and did assign, a certain leasehold interest held by him as tenant, and also the buildings then owned by him on the leased premises; and it was further stipulated that, when said sum of $1,000 was fully paid with interest, that action should be dismissed, and said leasehold interest and buildings reassigned to him.

Barge paid all of said instalments except the last one, and on October 16, 1897, he being insolvent, made an assignment for the benefit of his creditors to the plaintiff herein, and the latter quali-

fied and entered upon the discharge of his duties. Thereafter, on October 27, 1897, the defendants herein served notice that they would enter judgment in that action, pursuant to said agreement, for the sum of $2,200, less the sum of $760 so paid. On the next day this plaintiff, as such assignee, tendered to these defendants the amount of the last instalment of $250 with interest thereon. The tender was refused.

Thereupon plaintiff brought this action to enjoin the entry of such judgment, and to compel the assignment of said leasehold interest and buildings to him. The defendants answered, and on the trial plaintiff moved for judgment on the pleadings, and the motion was granted. From an order denying a new trial, defendants appealed.

All of the foregoing facts as to the transactions between the parties are admitted in the answer; and it is also admitted that said buildings are of the value of $4,000; and that the net income from said leasehold estate is $500 per annum; and that said leasehold continues for at least 10 years from and after December 1, 1896.

Where a certain sum is indisputably due, and the creditor agrees with the debtor to take, in full satisfaction thereof, a less sum, to be secured, and to be paid on a specified day, but that, if not so paid, the creditor shall be entitled to recover the whole of the original debt, such provision for restoring to the creditor his original rights, on the default of the debtor, is not a stipulation for the payment of a penalty, and is enforceable. 1 Pomeroy, Eq. Jur. (2d Ed.) § 430.

Appellants invoke this proposition of law here, but, in our opinion, it has no application to this case. It is not stated in the contract of compromise, or alleged or admitted in the pleadings, that such sum of $2,200 was ever owing, indisputably or otherwise, from Barge to these defendants. Where an agreement is made to take a lesser sum in satisfaction of a greater, which is due and owing indisputably, it cannot be held that the mere securing of such lesser sum by a mortgage or pledge of the debtor's own non-exempt property is a sufficient consideration for the agreement. Such would be this case if it affirmatively appeared that the $2,200 was indisputably owing from Barge to these defendants. In that

case, defendants would be entitled to recover the balance of the $2,200 remaining unpaid, even though Barge had fully performed the alleged compromise contract by paying the whole $1,000 and interest, as the instalments came due.

Let us concede, for the purposes of this case, that if the $2,200 was in fact owing, but such fact could in good faith be disputed, then such stipulation for judgment on the default of Barge, for the balance unpaid of the $2,200, would be enforceable, and not a stipulation for a penalty. But, as before stated, it is not anywhere alleged that the $2,200 was in fact owing. We cannot presume, from the face of the contract, that as much as $2,200 was owing by Barge to defendants, and therefore we cannot presume that such stipulation is not one for a penalty.

Again, we cannot so presume, for the reason that the consequences of default in the payment of one instalment vary so much from the consequences of default in the payment of another instalment. Thus, if Barge failed to pay the first instalment, he would lose the opportunity of paying $2,200 with $1,000,—of paying $11 with $5; but by paying all of the instalments except the last one, and failing to pay it, he loses the opportunity of paying $1,450 with $250,—of paying $29 with $5. The payment of all the instalments is reasonably well secured, and surely it cannot be presumed that a contract like this, which has so little regard for the law of cause and effect, is not one for a penalty.

True, if it is necessary to allege and prove that in fact Barge owed defendants $2,200, it would open the original controversy, which the parties by their agreement of compromise intended to close and set at rest. But this does not prove that an enforceable penalty may be attached to a compromise agreement, or that this agreement is not for a penalty. Whether the defendants could thus open the original controversy we need not decide. If they could not, it follows, in our opinion, that the stipulation in question must be conclusively presumed to provide for a penalty, and therefore cannot be enforced. Of course, if it appeared that Barge indisputably owed the $2,200, a different question would arise.

Order affirmed.