## J. I. CASE THRESHING MACHINE COMPANY v. BERT FRONK.[1]

### July 3, 1908.

### Nos. 15,576—(58).

**Liquidated Damages—Penalty.**

An order or contract for the sale and purchase of a threshing machine, with the necessary appliances and attachments, including a straw-burning engine, contained a stipulation that, in the event the purchaser rescinded the contract or refused to accept the machinery when tendered, he would pay, as liquidated damages, to cover the expense incurred by the seller "in soliciting, investigating, and taking" the order, an amount equal to fifteen per cent. of the agreed purchase price of the property and the freight charges incurred in its shipment. The purchase price was $3,000. *Held*, in the light of the facts stated in the opinion, (1) that the stipulation to pay fifteen per cent. of the purchase price as liquidated damages should be treated as a penalty, and not enforceable; and (2) that the freight charges actually incurred in the shipment may be recovered.

Action in the district court for Big Stone county to recover $544 damages for the breach of a contract of sale of certain threshing machinery. The case was tried before Flaherty, J., who at the close of plaintiff's testimony denied its motion to amend the complaint so as to set up a cause of action for damages sustained in consequence of the breach of contract, and granted defendant's motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Cliff & Purcell*, for appellant.

*F. W. Murphy*, for respondent.

BROWN, J.

The facts in this case are as follows: Plaintiff is a corporation engaged in the business of manufacturing and selling threshing machines. On July 27, 1906, defendant entered into a contract with it for the purchase of a complete threshing outfit, consisting of a separator, with the necessary appliances and attachments, and a twenty-five-horse power straw-burning engine. The contract was in the

[1] Reported in 117 N. W. 229.

form of an order for the machinery, signed by defendant, and forwarded to and formally accepted by plaintiff. By the terms of the contract the machinery was to be shipped to defendant at Beardsley, this state, his place of residence, on or before August 1, 1906, and defendant agreed upon its arrival to make settlement therefor by payment in cash or the delivery of his promissory notes payable in the future. The purchase price of the outfit was $3,000. The contract, among other things, contained the following stipulation: "In consideration of the expense incurred by the company in soliciting, investigating, and taking this order, the purchaser promises and agrees to pay all freight charges on said machinery from the factory and fifteen per cent. of the price above stipulated, in cash, in case he should cancel this order or decline to accept said machinery." Plaintiff, in compliance with the contract, shipped the machinery to defendant; but upon its arrival at Beardsley the latter refused to accept or receive the same, or make payment therefor as agreed upon.

Plaintiff thereafter brought this action to recover the damages agreed to be paid by the terms of the contract above quoted, viz., fifteen per cent. of the purchase price of the machine, or $450, and the freight charges incurred by plaintiff in the shipment of the property. The complaint alleges that the freight charges incurred in the shipment from Racine, Wisconsin, where plaintiff's factory is located, to Beardsley, were the sum of $94. Defendant answered, admitting the execution of the contract and the shipment of the machinery, and his refusal to accept or receive the same, and justified his conduct on the ground that the machine so shipped and offered to him was not in compliance with the terms of the contract, but, on the contrary, was an old and secondhand rig.

When the cause came on for trial, plaintiff, after the introduction of other pertinent testimony, offered in evidence the written order or contract, and it was excluded, on defendant's objection, on the ground that the damages stipulated to be paid thereby for the refusal of defendant to perform the contract was a penalty, and not recoverable. Subsequent to the exclusion of the contract, plaintiff made certain offers of evidence, including an offer to prove the amount of the freight charges from Racine to Minneapolis and from Minneapolis to Beardsley. This evidence was also excluded, whereupon

plaintiff rested, and on defendant's motion the action was dismissed. Plaintiff then moved for a new trial, assigning the rulings just referred to as error, and appealed from an order denying it.

Two questions are presented for consideration in this court, viz.: (1) Whether the stipulated damages agreed to be paid by defendant for his refusal to perform the contract is a penalty, and not recoverable; and (2) Whether, even if the stipulation be so construed, plaintiff may nevertheless recover the freight charges actually incurred in the shipment of the machinery to Beardsley.

1. Whether the amount stipulated in a contract to be paid by the party refusing performance is to be treated as a penalty, or liquidated damages, is frequently a question not easy of determination. The general rule controlling the question is well settled, but its application to particular cases is often difficult, and the authorities are not in full accord. The general rule, laid down in several cases in this state, is that where the actual damages are readily ascertained by the application of appropriate rules of law, and the amount stipulated to be paid is greatly in excess of the actual injury, the stipulated damages will be treated as a penalty, and the complaining party limited in his recovery to his actual loss. Fasler v. Beard, 39 Minn. 33, 38 N. W. 755; Taylor v. Times Newspaper Co., 83 Minn. 523, 86 N. W. 760, 85 Am. St. 473; Womack v. Coleman, 89 Minn. 17, 93 N. W. 663; Carter v. Strom, 41 Minn. 522, 43 N. W. 394. And such is the rule applied by the courts generally. See note to Condon v. Kemper, 47 Kan. 126, 27 Pac. 829, 13 L. R. A. 671, and cases cited in 13 Cyc. 93, and 1 Sutherland, Dam. 279, et seq. The rule requires no further discussion than will be found in the authorities cited. Whether a particular stipulation for damages should be held a penalty, or liquidated damages, must be determined by the language of the writing, the situation of the parties, the surrounding circumstances, and especially the particulars, when disclosed, in respect to which compensation was intended in the event of a failure or refusal to perform by one of the parties. If the particular elements of loss or damage be given, and the actual loss in those respects may be definitely ascertained and shown by evidence, an amount greatly disproportionate thereto will as a general rule be treated as a penalty.

Applying the rule to the case at bar, we have no difficulty in reach-

ing the conclusion that the amount stipulated by the terms of this contract is flagrantly out of proportion to the actual damages suffered by plaintiff in the respects for which compensation was intended, as indicated by the language of the contract, viz., for the expense incurred "in soliciting, investigating, and taking this order," and should therefore be held a penalty. The parties by their language clearly show an intention to provide compensation to plaintiff for the expense incurred by it in procuring and accepting the order; and in the light of the evidence offered on the trial it is beyond question that the sum of $450, being fifteen per cent. of the purchase price of the machine, greatly exceeds any possible expense the company might have incurred in that respect. We have no right to go beyond the contract, and speculate upon the question whether the company might not have incurred expenses in other respects. The contract furnishes the data for what compensation was intended to be made, and the parties are necessarily limited to their written agreement. We do not, therefore, consider the many matters which counsel for plaintiff suggest the company might have taken into consideration in exacting this stipulation. Confining the question to the terms of the contract, and considering the stipulated damages to have reference, as the contract speaks, to expenses incurred in "soliciting, investigating, and taking" the order, the question is free from serious doubt. The order was taken by an agent of plaintiff residing at Beardsley, a distance of two and one half miles from defendant's farm, and at the office of the agent. Whether the agent made many or few trips to the farm to induce defendant to enter into the contract does not appear; but whatever was done in that behalf, and whatever was necessary to ascertain the financial condition of defendant, could not possibly have incurred an expenditure of any considerable amount either of time or money, the pecuniary value of which could readily have been shown. We therefore hold the stipulation, so far as it refers to fifteen per cent. of the purchase price of the property, a penalty, and not recoverable.

2. We turn, then, to the question whether plaintiff may recover the freight charges incurred in the shipment of the machinery. We discover no valid reason for holding that this item of expense may not be recovered. It is expressly provided for by the contract, and

the amount is definite, and not left to conjecture or speculation. The mere fact that the stipulation for damages, as embodied in a contract, is construed as a penalty, does not render the contract a nullity. The only effect following that conclusion is to limit recovery to actual damages, which may be recovered under proper pleading and proof. Smith v. Newell, 37 Fla. 147, 30 South. 249; Moore v. Colt, 127 Pa. St. 289, 18 Atl. 8, 14 Am. St. 845; Ross v. Loescher (Mich.) 116 N. W. 193. The amount of the indebtedness incurred in this respect was pleaded in the case at bar, and plaintiff offered to prove the allegations at the trial, and, as suggested, we discover no sufficient reason why recovery therefor should not be allowed. The contention of defendant that the agreement to pay freight is as much a penalty as to pay fifteen per cent. of the purchase price cannot be sustained. The argument in support of this view is that the contract should be construed as an agreement to pay freight charges, whether any were in fact incurred or not. However plausible this may seem, it is not meritorious. The contract is entitled to a fair and reasonable interpretation, and one that will give effect to the intention of the parties. It is specific in the designation of freight charges, and naturally the parties contemplated that before liability therefor should exist an actual expense in that respect should be incurred by plaintiff in the shipment of the machinery, and for such a contingency only did they intend to provide. If no shipment had been made, and no freight charges incurred, and plaintiff had brought suit to recover the amount usually paid for such a shipment, the claim would be rejected as clearly and palpably beyond the scope of the contract, fairly construed.

The court suggests in its memorandum that the complaint did not cover this feature of the case. The court evidently overlooked the allegation to the effect that the freight charges incurred in the shipment of the machinery were $94, and the evidence on the trial tended to establish the fact so alleged. Whatever freight charges, therefore, plaintiff necessarily incurred in the performance of this contract, may be recovered. If the freight charge from Racine to Minneapolis was not incurred in the performance of this particular contract, plaintiff would be entitled to recover only the amount incurred in the shipment from Minneapolis to Beardsley. It follows that the court erred in excluding recovery for the freight charges, and that there must be a new trial.

It is unnecessary to consider the question whether the trial court erred in refusing plaintiff leave to amend its complaint by inserting therein allegations of actual damage.

Order reversed.