## INGVAL JOHNSON v. HENRY DITTES.[1]

### June 8, 1917.

### Nos. 20,458—(238).

**Contract — when liquidated damages held to be a penalty — case followed.**

   *Held*, following Carter v. Strom, 41 Minn. 522, that where a contract, specifying a certain sum as liquidated damages for a breach thereof by either party, contains various stipulations to all of which the clause as to damages is clearly applicable, such stipulations either varying in character and importance or being of such a nature that the damages form a breach of some of them may readily be determined, and as so determined would be inconsiderable as compared with the stipulated amount, such stipulated amount should be treated as a penalty, and not as liquidated damages.

Action in the district court for Hennepin county to recover $2,500 upon a promissory note. The answer set up the contract mentioned in the opinion and as a counterclaim demanded $3,000 for false representations made by plaintiff. The case was tried before Dickinson, J.,

[1]Reported in 162 N. W. 1078.

who at the close of the testimony denied plaintiff's motion for a directed verdict, and directed a verdict for one dollar against defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict, he appealed. Affirmed.

*Stevens & Stevens* and *E. P. Mahoney,* for appellant.

*C. E. Purdy,* for respondent.

BROWN, C. J.

Action upon a promissory note in which, at the close of the trial, the court directed a verdict for defendant, and plaintiff appealed from an order denying a new trial.

It appears from the record that on November 19, 1915, the parties to the action entered into an executory contract for the exchange of certain lands wherein and whereby plaintiff, in consideration of the covenants and agreements on the part of defendant, sold and agreed to convey to defendant certain lands owned by him in the state of Iowa, and also to sell and transfer to defendant a certain stock of hardware situated in a building standing upon one of the tracts of the land to be conveyed; in consideration of which defendant agreed to convey to plaintiff certain lands owned by him in the states of North Dakota and Wisconsin, free and clear of all incumbrances except certain mortgages which appeared of record against the same. The contract contains numerous stipulations, covenants and agreements to be performed by the respective parties, and among others the following:

"It is mutually agreed that each of the parties to this agreement make a $2,500 note due on or before December 1, 1915, to the other party herein, said notes to be deposited with Murray Bros. & Ward Land Company. In case of the failure of either party to perform his part of this contract, then the note signed by him shall be delivered to the other party for collection. Said notes are to be considered as earnest money payment and the amount of each of said notes is to be considered as liquidated damages and not as a penalty or forfeiture. When said deal is fully completed according to the terms of this contract, then said notes are to be returned to the respective parties executing the same."

The promissory notes were duly made and deposited as agreed upon.

Defendant failed to perform his part of the contract, the note made by him was therefore, as provided by the contract, delivered by the depositary to plaintiff and this action was brought to recover thereon.

The sole question presented to the court below was whether the stipulation to the effect that the amount of the promissory notes given by the parties in compliance with the stipulation of the contract above quoted, should be treated as imposing a penalty upon the party failing to comply with the contract, or as liquidated damages. The court held the amount so agreed upon a penalty, and, since no actual damages were shown, directed a verdict in plaintiff's favor for nominal damages only. Whether the court was right in so holding is the only question presented to this court.

We are unable to distinguish the case, in its facts, from Carter v. Strom, 41 Minn. 522, 43 N. W. 394. In that case it was held, upon a contract substantially like that in the case at bar, that where a contract, specifying a certain sum as liquidated damages for the breach thereof, contains various stipulations, to all of which the clause as to damages is clearly applicable, such stipulations either varying in character and importance, or being of such a nature that the damages from a breach thereof may be easily and definitely measured, and would be inconsiderable as compared with the stipulated amount, the latter should be regarded as a penalty, and not as liquidated damages. The decision there rendered has been followed and applied in other states, and by text writers. 3 Notes on Minn. Reports, 168. The contract there before the court, like the contract here involved, was for the exchange of lands, and contained various stipulations to be performed by the respective parties. In that contract one of the parties, called the party of the first part, agreed to paint the buildings situated upon the land agreed by him to be conveyed to the party of the second part, to erect thereon a double water closet, and to assign certain insurance policies upon the property to the party of the second part. In consideration of which the second party agreed to convey the property tendered in exchange for that to be so conveyed to him, and to pay the first party at the time of the exchange of deeds the sum of $250. Each party agreed to furnish an abstract of title, and the contract concluded with the stipulation,

that "the party who is in default in any of the conditions herein is to pay the other the sum of $200 as stipulated damages."

The stipulations in the contract before us are more numerous, but not in point of law substantially different. One or two may be pointed out to show clearly the application of the rule of the Carter case. In this contract the party of the first part, as a part of the transaction, agreed to loan the party of the second part the sum of $1,000, upon his secured promissory note, payable in six months. The failure or refusal to make this loan would constitute a breach of a material stipulation of the contract, and subject the first party to the payment of the agreed liquidated damages of $2,500. A further stipulation guarantees that the stock of hardware will invoice $8,500, and that if the invoice shall fall below that amount the first party will adjust the difference. If the invoice should happen to fall below the guaranteed amount, the failure of the first party to adjust the same would also subject him to the liquidated damage of $2,500, regardless of the amount the invoice might fall short. The damages for either of these matters could readily be ascertained, and as to the loan at least would necessarily be a mere trifle as compared with the stipulated amount; as to the stock of goods it might be more or considerably less than that agreed upon, but in either case could be determined definitely by evidence.

Some stress was laid in the opinion in that case upon the word "any" as used in the clause of the contract fixing upon $200 as stipulated damages for default in "any" of the conditions or terms thereof. Counsel see in this a distinguishing feature, insisting in the present case that there can be no liability for the stipulated damages except for a breach of the contract as a whole and in its entirety. We are unable to appreciate the force of the contention, particularly in view of the concluding clause of this contract which precludes the right of either party to a return of his note, or to a discharge from liability for the stipulated damages until the contract has been fully performed according to its terms. This clearly requires a full and complete performance of all the terms of the contract, and if "any" thereof be not performed liability for the stipulated damages becomes fixed. In that view, which cannot well be avoided, there is no difference in point of substance between the two contracts. And, moreover, there was in that case, as.

in the case at bar, a total failure of performance by the defendant. What would be the effect of a partial failure only, that tendered being accepted, we do not stop to consider. Our decision rests upon the showing of a total breach of the contract by defendant. And following the Carter case the order appealed from must be and is affirmed. Blunt v. Egeland, 104 Minn. 351, 116 N. W. 653, is not in point. The contract there construed is unlike that here before the court.

Order affirmed.