## G. G. BAUMAN v. HENRY H. PETERS.[1]

June 27, 1930.

No. 27,957.

[1]Reported in 231 N. W. 613.

*George A. & C. H. MacKenzie* and *H. A. Knobel,* for appellant.
*Philip L. Scherer,* for respondent.

HOLT, J.

Defendant appeals from the order denying his motion in the. alternative for judgment notwithstanding the verdict or a new trial.

The short facts are that the parties hereto entered into a written contract whereby plaintiff agreed to convey to defendant certain lots in Minneapolis and transfer promissory notes of the face value of $1,000, and in consideration therefor defendant agreed to convey an undivided half interest in 160 acres of land in Perkins county, South Dakota. The properties were to be free of encumbrances. Abstracts and deeds were to be exchanged not later than March 1, 1924, time being the essence of the contract, each party to pay all taxes on his property when deeds were exchanged. The contract contained these two provisions of importance to a decision of the appeal:

"Either party failing to carry out the terms of this agreement agrees to pay the other party one thousand dollars as liquidated damages for noncompliance of this contract together with all attorney's fees and costs if suit is commenced to collect liquidated damages or commissions. * * * All papers necessary in carrying out the terms of this agreement to be deposited with First State Bank at Gaylord, Minn., and to be turned by him for whom intended when in his estimation they have been earned as per terms of this agreement."

Neither party had regard for time. Defendant did not execute his deed until April 10, 1924, and deposited it on that day with George MacKenzie, the vice president of the First State Bank at Gaylord. Plaintiff did not deliver some of the promissory notes to defendant until in June, 1924, and still later the deed to the lots

he gave defendant in exchange. The deeds were delivered with the name of the grantee in blank. The occasion for the lawsuit arose out of these circumstances:

When defendant had deposited his deed to the Perkins county land Mr. MacKenzie sent it with Maitland, a former partner of defendant, who went on business to Estherville, Iowa, where plaintiff then lived, with instructions to deliver to plaintiff and to receive from plaintiff the balance of the promissory notes defendant was to have in the deal. There had been some prior discussion between plaintiff and Maitland wherein the latter learned that plaintiff preferred not to own an undivided interest in land. So Maitland had procured a deed from Barnes Brothers Corporation to 160 acres of land in Butte county, South Dakota, with grantee in blank, and when he reached plaintiff it was proposed that this deed should be accepted in lieu of the deed from defendant to the Perkins county land. Maitland testified that the proposal was accepted and the deed delivered. Plaintiff testified that he agreed to the proposition provided the title proved good and that he received the deed for the purpose only of investigating the title and that he found the title not good. The fact remains that the deed was retained and that plaintiff has obtained other or curative deeds to the land from the receiver of Barnes Brothers Corporation and perhaps others. There is some claim that there is a mortgage on the land and that it was sold for the taxes of 1922, but the evidence does not show the state of the title by abstract or other satisfactory manner to either the Perkins county or the Butte county land.

When either party offered to prove anything in respect to the value of the land, or the amount of the encumbrance, or of the unpaid taxes, the other party's objection was sustained on the theory that the only damages sought were the liquidated damages specified in the contract. And the court charged the jury in substance that if the intention of plaintiff was to accept delivery of the deed to the Butte county land in lieu of the deed to the Perkins county land, in other words, that plaintiff and Maitland traded deeds and lands, defendant should have the verdict; but if the deed was merely delivered for the purpose of investigating title and it was further

found that plaintiff had performed his part of the agreement and defendant not, the verdict should be for plaintiff for $1,300, the liquidated damages stipulated, with interest. The verdict was for $1,300.

Defendant's motion for a directed verdict did not specify as a ground that liquidated damages were not recoverable. However this is not a case for a directed verdict or judgment non obstante. While the evidence is far from satisfactory, there is enough to show that plaintiff may be entitled to recover some damages for a breach of contract. But we think defendant must be awarded a new trial on the error assigned that the verdict is not sustained by the evidence and is contrary to law. No special or general damages were pleaded or proved. So the verdict rests entirely on the proposition that the case is one for liquidated damages. It is to be noted that each party was to perform several acts. Abstracts were to be delivered, deeds were to be deposited at a named bank and by a specified date, certain promissory notes of other parties were to be transferred. Confessedly plaintiff did not deposit either deed or notes at the bank, nor did he send the deed and part of the notes to defendant until late in June, 1924. He never paid the taxes on the lots he deeded. When both parties have breached a contract stipulating liquidated damages, it would seem that neither ought to recover such damages against the other. Mosler S. Co. v. Maiden Lane S. D. Co. 199 N. Y. 479, 93 N. E. 81, 37 L.R.A.(N.S.) 363; Smith v. City of Tahlequah, 117 Okl. 204, 245 P. 994; U. S. v. United E. & C. Co. 234 U. S. 236, 34 S. Ct. 843, 58 L. ed. 1294. We also think the evidence as to the situation and surroundings of the parties demonstrates that it is not a case for the enforcement of such damages. On plaintiff's own admissions he received a deed to the Butte county land and has dealt with that land as an owner, never having returned or offered to return the deed or to reconvey it to defendant. Furthermore, to this contract can be applied this language concerning a like contract in Carter v. Strom, 41 Minn. 522, 523, 43 N. W. 394, 395:

"It may be stated as a general proposition, sustained by the great weight of authority, that where a contract, specifying one certain

sum as liquidated damages, contains various stipulations, to all of which the clause as to damages is clearly applicable, such stipulations either varying greatly in their character and importance, or being of such a nature that the damages from a breach of some of them could be easily and certainly measured, and especially if such damages would obviously be inconsiderable as compared with the sum stated in the agreement as damages for any breach, the latter should be regarded as a penalty, and not as liquidated damages."

To the same effect is Johnson v. Dittes, 137 Minn. 175, 162 N. W. 1078, also a contract for the exchange of lands.

In the instant case we have the delivery of abstracts, the payment of taxes, and a provision that time is of essence, with the date of performance fixed—a breach of any one of which could not have damaged the other party except in an insignificant sum as compared with the stipulated damages. The parties could not have contemplated that if plaintiff had failed to deliver a $25 or $50 note of those he agreed to deliver defendant could sue and recover $1,000 as liquidated damages. The contract in view of the situation and surroundings of the parties should be construed as providing for a penalty and not for liquidated damages. And so construed there is no evidence to sustain the verdict, and there should be a new trial when actual damages, if any, may be litigated.

The order, so far as judgment notwithstanding the verdict was denied, is affirmed, but in so far as a new trial was denied it is reversed and a new trial is hereby awarded.