# FLORENCE R. GOODELL v. ACCUMULATIVE INCOME CORPORATION.[1]

January 22, 1932.

Nos. 28,712, 28,732.

[1]Reported in 240 N. W. 534.

214

*Grant L. Martin,* for plaintiff-appellant.

*Boutelle, Bowen & Flanagan* and *L. W. Simonet,* for defendant-appellant.

OLSEN, J.

Plaintiff appeals from the judgment entered in favor of the defendant in the municipal court of Minneapolis adjudging that plaintiff take nothing by this action.

Plaintiff purchased from defendant in June, 1924, a so-called instalment certificate. The certificate itself is short. It recites that, in consideration of the payment of $76 per year in advance for the period of ten years from its date, the defendant promises to pay to the plaintiff or her legal representative or assigns at the expiration of such period the sum of $1,000, upon surrender of the certificate. It further provides that, if the payments made by the holder of the certificate, with interest at the rate of five per cent per annum, compounded annually, amount to $1,000 before the maturity of the certificate, interest in cash at five per cent per annum will be paid annually thereafter to the holder until maturity.

The certificate was signed by defendant by its officers. It contains no provision for any penalty or forfeiture, but the concluding paragraph thereof provides that it is issued and accepted by the holder subject to the terms, conditions, and privileges appended thereto and made a part thereof. This appended document is lengthy and involved. It is not signed, but contains numerous provisions. It covers some ten pages of the printed record, and we do not attempt to set it out in full. Among other things it contains a

provision that the holder of the certificate, instead of paying $76 annually in advance, may pay $6.50 per month in advance, thus making his payments $78 per year instead of $76. It provides that in case of default before three full years shall have been paid thereon, if the certificate shall not be reinstated within the period of two years provided for such reinstatement, all liability on the part of the company shall cease and terminate at the expiration of the two-year period and all payments made thereon shall be forfeited and be retained by the company as liquidated damages for the non-performance of the contract. It is further provided that if the certificate holder shall have paid the full payments for three years his certificate, at the end of the third year, shall have a cash surrender value of $171; or, at his option, he shall then be entitled to a paid-up coupon certificate for $241, payable ten years from its date, with interest payable annually at the rate of 2.5 per cent per annum.

Plaintiff paid the monthly instalments of $6.50 each on her certificate for a period of 35 months, one month short of three years. The payments made amounted to $227.50. She made no further payments for a period of two years and five months. She then offered to make a further payment, but defendant refused to accept it and notified her that her contract had lapsed and had become automatically canceled by default for more than two years. The facts stated are undisputed and stipulated.

■ The question presented and argued is whether the provision for the forfeiture of payments made by the certificate holder is a penalty or a valid agreement for liquidated damages. It is difficult to find any basis for the application of the rule of liquidated damages under this contract. The defendant agrees to repay to plaintiff, if the contract is performed, not only all sums paid to it by plaintiff, but interest thereon from the time each payment is received up to the time the contract matures, at the rate of five per cent per annum. It resembles a loan of money to defendant, with some limitations upon the use to be made thereof by defendant. That defendant received less money from plaintiff than plaintiff had agreed to pay does not seem to furnish any foundation for

216

liquidated damages under such a contract. The less defendant receives the less it has to pay back.

In addition to the facts already stated, the court found that defendant has been continuously engaged in business since it secured plaintiff as a purchaser; that at that time defendant had some 700 of these certificates outstanding and that it now has many such certificates outstanding; that defendant paid its solicitors $40 for securing plaintiff as a purchaser. The court made no express finding on whether the forfeiture clause in the contract was a penalty, but held in its conclusions of law that plaintiff take nothing by this action, and judgment was so entered.

We find nothing in the facts that defendant had and has a large number of certificates outstanding, is continuing in business, and paid its solicitors $40 for securing plaintiff as a purchaser, which shows any grounds for liquidated damages.

The only default for which a forfeiture could become operative is failure to pay one instalment of $6.50 during the first three years after the date of the contract and continuing for more than two years. It is wholly a money transaction. The certificate holder does nothing except pay in money, and the company agrees to pay back money only. If the certificate holder had failed to pay the first instalment, there could have been no forfeiture and would be no provision in the contract for damages, liquidated or otherwise. If the holder paid one instalment of $6.50 and then defaulted, the forfeiture would be only that amount as defendant's damages. But if the holder paid 35 instalments, as here shown, amounting to $227.50, that amount would be forfeited as damages for failure to pay the additional sum of $6.50 to complete the payments for three years. In other words, the more money plaintiff handed over to defendant, short of the full payment for three years, the more she would lose. It is clear that the more money that was paid in the more benefit defendant received. But the forfeiture provision goes on the theory that the more benefit defendant has received the greater its damage. If it can be said that defendant could be damaged in any event, then it is apparent that the less that had been paid in the

greater its damage would be. If plaintiff had defaulted after paying the first instalment of $6.50, the defendant's damages, if any, must have been substantially greater than upon default only in paying the thirty-sixth instalment of $6.50. Under no theory known to us can a forfeiture provision so arbitrary and applying so unequally to any actual damages be sustained as a fair provision for liquidated damages. If it were intended to provide a graduated scale of liquidated damages, the contract should provide for the greatest amount of damages for a default in payment of the first instalment and a gradual decrease thereafter according to the number of payments made before the default. Schommer v. Flour City O. I. W. 129 Minn. 244, 152 N. W. 535.

A contract which requires the payment of an increasing sum as damages the nearer full performance is approached will be held to provide a penalty and not liquidated damages. 17 C. J. 947, § 240; Walsh v. Curtis, 73 Minn. 254, 76 N. W. 52.

A contract which provides no damages for a total breach and large damages for a partial or relatively slight breach cannot be construed as providing for liquidated damages. Schommer v. Flour City O. I. W. 129 Minn. 244, 152 N. W. 535.

Each of these rules applies to our present case.

A contract whereby one who has paid in to an investment company $227.50 shall forfeit all thereof, while one who has paid in $6.50 more, or $234, and then defaulted, shall receive a cash surrender value of $171, or, at his option, an interest-bearing certificate for $241, is arbitrary.

In Walsh v. Curtis, 73 Minn. 254, 76 N. W. 52, there was a contract whereby B agreed to pay C & W $1,000 in five instalments. It was agreed that if B failed to pay any of the instalments C & W should have the right to enter judgment for $2,200, less payments made, against B on a claim in settlement of which the $1,000 was to be paid. B paid all the instalments except the last one of $250 and then defaulted. It was held that because the consequences of the default in the payment of one instalment varied so much from the consequences of default in another instalment the provision for entry of such judgment must be held a provision for a penalty.

Maudlin v. American S. & L. Assn. 63 Minn. 358, 65 N. W. 645, involved a building and loan contract and bond under which the borrower was to pay monthly instalments. It contained provisions for cancelation on default under certain conditions and for recovery of a specified sum, less payments made, as liquidated damages. It was held that the stipulated damages were unconscionable and excessive and could not be enforced.

In J. I. Case T. M. Co. v. Fronk, 105 Minn. 39, 117 N. W. 229, it was held that stipulated damages of 15 per cent of the purchase price of a machine for breach of the contract by the purchaser was out of proportion to any actual damages and was a penalty.

In our present case the claimed liquidated damages are over 30 per cent of the price of the certificate.

In Carter v. Strom, 41 Minn. 522, 43 N. W. 394; Johnson v. Dittes, 137 Minn. 175, 162 N. W. 1078, and other cases, the rule has been established that, where a contract which fixes a sum as liquidated damages for a breach thereof contains various stipulations the breach of which varies in character and importance, so that the damage for a breach necessarily varies according to which stipulation is violated, the sum fixed as damages is a penalty.

That rule would seem to apply equally to the contract for instalment payments in our present case, where the amount of damages provided varies according to the number of instalments paid.

The character of the contract is an important factor to be considered in the case. It is not like a contract for the sale of real property, where the buyer goes into possession and has the use or income from the property, or like a sale of personal property, where the buyer receives the possession and use of the property. In the sale of real estate, the seller loses the use and income therefrom so long as the contract remains in force. In the sale of personal property, the seller parts with the possession, the buyer has the use of the property, and wear and deterioration naturally follow. In either such case, the longer the contract remains in force, the greater the seller's damage may be. It is not so where the buyer simply deposits or pays money to a seller of such a contract as we have here. In that case, the longer the contract is kept up by payments the

greater the benefit to the seller. For that reason the sellers of such contracts should be held to a stricter accountability for the money received by them.

The cases of Henkel v. Pioneer S. & L. Co. 61 Minn. 35, 63 N. W. 243, and Barton v. Pioneer S. & L. Co. 69 Minn. 85, 71 N. W. 906, 65 A. S. R. 549, are of interest as showing that instalment payments made to a building and loan association cannot be forfeited by such association; that such an association, in case of default in payments, can only cancel its contracts by a fair sale of the certificates, after notice, as provided by statute. It followed that when the defendant failed to accept the tender of $6.50 it breached the contract and prevented the plaintiff from performing. Had defendant accepted the $6.50, an entirely different situation would be presented.

It is accordingly held that the forfeiture provision in the contract here in question provides for a penalty and not for liquidated damages.

■ Defendant urges that the damages involved are uncertain. But even if that were shown, which we do not find, it does not avail where the contract bears no fair relation to the amount of damages and is held invalid, so far as it attempts to fix liquidated damages, on the ground that it is arbitrary, unreasonable, and inequitable, under the rules we have stated. Such a contract is invalid in that respect, whether the damages, if any, are certain or uncertain.

■ Defendant states that the court will take judicial notice that defendant suffered damages in the matter of expense of selling the certificate, salaries of officers, maintenance of office, bookkeeping, investment of funds, etc. These are general expenses of conducting its business. Plaintiff's default neither increased nor decreased such expenses. There was no pleading as to any expenses. There was evidence, and the court found, that defendant paid its solicitor $40 for selling the certificate to plaintiff. There was no finding as to any other expense. This item of $40 was no more than an expense of doing business. It was not an item which plaintiff had agreed to pay, as was the freight charge considered in J. I. Case

T. M. Co. v. Fronk, 105 Minn. 39, 117 N. W. 229. Even if reduced to a certainty, defendant's expense of doing business would not be recoverable as against this plaintiff. By the use of plaintiff's money up to the time this action was commenced defendant has been fully compensated in any event. We find nothing to show any damage to defendant, either certain or uncertain.

### DEFENDANT'S APPEAL.

■ Defendant also appeals from the judgment. The appeal is based on the claim that the court erred in refusing to dismiss the case on the ground that it had no jurisdiction of the subject matter. The claim is that the case was a suit in equity and hence the municipal court was without jurisdiction to try it. The judgment being in defendant's favor on the merits and more favorable to it than a dismissal, there are no grounds for such an appeal. That aside, the action is on general account for money had and received by defendant for the use of plaintiff; and neither the complaint nor the answer asks for any equitable relief. The court granted none. There was no lack of jurisdiction. This also disposes of any claim that there was a departure from the pleadings.

The fact that the court in deciding the case was required to construe the penalty provision of the contract did not convert the action into a suit in equity.

On plaintiff's appeal the judgment is reversed and the case remanded for further proceedings in conformity with this opinion.

. Defendant's appeal is dismissed.