### ARNE AASLAND v. INVESTORS SYNDICATE.[1]

June 22, 1934.

No. 29,906.

*Arctander & Jacobson,* for appellant.

*Doherty, Rumble, Bunn & Butler* and *Charles E. Phillips,* for respondent.

[1]Reported in 255 N. W. 630.

142

*STONE, Justice.*

Plaintiff appeals from an order sustaining a general demurrer to his complaint.

The action sounds in *quasi* contract and seeks to recover payments made by plaintiff under a contract self-labeled "Accumulative Installment Certificate" issued by defendant December 1, 1928. Upon continuing stipulated payments for ten years, plaintiff would be entitled to $1,000 in cash from defendant. If in force for 18 months or longer, the certificate had a cash and loan value. There was no forfeiture provision except for the fact that, if plaintiff stopped paying before the 18 months' minimum period required to bring into effect the cash surrender and loan provisions and did not thereafter resume payments, he would not, under the contract, be entitled to return of his payments. There was provision for a paid-up certificate to take effect, according to its terms, after instalments for 18 months or more had been paid. The returns to the certificate holder are reckoned on an interest basis of five and one-half per cent per annum, compounded annually. Payments might be discontinued at any time. But they could begin again with complete preservation of the rights of the certificate holder, except that there would be postponement of the maturity of the certificate corresponding to the duration of the interruption in payments.

The case is diametrically opposed in a determinative feature to Goodell v. Accumulative Income Corp. 185 Minn. 213, 240 N. W. 534. There the certificate holder had tendered a payment, which was refused. The defendant, issuer of the certificate, repudiated all obligation and claimed the forfeiture attempted to be authorized by the contract. We held the forfeiture provision of the contract to be one attempting to impose a penalty rather than liquidated damages, and so inoperative. In this case forfeiture is neither claimed nor authorized. On the contrary, defendant, acknowledging its continuing obligation, invites plaintiff to resume payments, the interruption thereof not having continued for two years, and tenders strict performance on its part. In that situation, there is no cause of action *quasi ex contractu* in favor of plaintiff. With the other

contracting party tendering full performance and not claiming forfeiture, plaintiff is not in a position to demand repayment with interest of what he has already paid. It is another case (see McCreight v. Davey T. E. Co. 191 Minn. 489, 254 N. W. 623) where the existence and continued effect of an express contract prevent recovery upon the theory of no contract.

Order affirmed.