# WEISSENBERGER v CENTRAL ACCEPTANCE CORP.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5739. Decided April 1, 1940.

Paxton & Seasongood, Cincinnati, for appellee.

J. Arthur Meyer, Cincinnati, for appellant.

**OPINION**

By MATTHEWS, J.

The plaintiff brought suit in the Municipal Court of Cincinnati to recover from the defendant the sum of $945.00. The Municipal Court rendered judgment in favor of the plaintiff in the sum of $546.00.

The plaintiff and defendant filed appeals on questions of law to the Court of Common Pleas of Hamilton County. That court found the plaintiff entitled to $945.00, and remanded the case to the Municipal Court of Cincinnati, with an order to enter judgment in favor of the plaintiff for that amount.

The record shows that the plaintiff entered into several so-called "Income Builder" contracts with the defendant, providing in substance that the plaintiff should make an initial payment of a certain sum and a number of monthly payments, and that after a certain number of such monthly payments had been made the contract should be paid up, and a fixed sum was to be paid by the company to the plaintiff.

After plaintiff had paid the sum of $2350.00 upon these contracts, an adjustment was made, whereby a new contract was entered into, providing for the payment at the end of the term of $13,500.00. In the adjustment made by the defendant of the old contracts, the new contract being designated as "re-issued", the plaintiff was paid the sum of $1481.11, leaving a balance of $868.89 from the sum paid defendant. The sum of $810.00 was credited as an initial payment on the "re-issued" contracts, and the plaintiff made one monthly payment thereunder of $135.00.

It will be observed that the plaintiff was entitled to a total credit of $2350.00, plus the first payment of $135.00, or a total of $2485.00, but that he was only paid or credited with the total sum of $2426.11. However, the plaintiff in his bill of particulars only sought to recover the sum of $810.00, the amount credited plaintiff on the "re-issued" contract, plus the first monthly payment of $135.00, or a total of $945.00, the amount which the Common Pleas Court found to be due plaintiff on his contract.

As a complete defense, the defendant relied upon the failure of the plaintiff to make the monthly payments, as he had agreed to do, and the agreement of the parties as to the effect of such default, and as a partial defense it relied upon the fact that it had paid the sum of $810.00 as commissions to a wholly owned subsidiary sales corporation, which in turn paid $399.00 of this sum to a salesman who sold the "re-issued" contract. This last figure of $399.00 is the difference between the judgment of the Municipal Court and that ordered by the Court of Common Pleas.

The plaintiff knew nothing about any agreement to pay or any payment of commissions, either at the time of making the original contracts or the later "re-issued" contract.

The provision of the contract on which the defendant relies as a complete defense is as follows:

"In the event of a default in the payments due under this contract, such default continuing for a period of less than three (3) years, this contract may be reinstated, with the consent of the Corporation, by resuming the specified

payments, and after reinstatement shall have the same status as it had prior to the default, except that the due dates of the remaining payments and the maturity of this contract shall be extended for a length of time equal to the default period. **If a default should occur** the breach of the contract by the plaintiff?

It must have some relation, or it is in fact a penalty under the guise of liquidated damages, and just as unenforceable under one name as the other. **Miller v Blockberger et, 111 Oh St 798.**

Had the plaintiff made the payments to the defendant in accordance with the contract, the obligation of the latter to repay would have been unconditional. The plaintiff was not haz- arding his investment on the success of the defendant's business. The contract was, therefore, a money contract—a contract for a loan—and must be governed by the law relating to such contracts. But the plaintiff did not perform his contract. He is in default and the defendant is not obligated by the terms of the express contract. His liability, if any, must result by implication of law.

The statutes fixing the rate of interest determine the damage resulting from the failure to repay and the value of the use of the money. Any conventional provision which would result in a charge in excess of the statutory rate would be usurious and void.

Any provision for a retention of all money loaned upon failure to pay future installments would have no reasonable relation to the actual damage and also would be a penalty and unenforceable. However, the invalidity of that provision would not rend- er the whole contract void. The plaintiff was legally bound to make the monthly payments. Now the penalty provision being void, the effect of the plaintiff's default would, of necessity, be determined by the application of the legal rule as though the parties had made no attempt to establish a conventional rule. Therefore, if the plaintiff is entitled to recover, it must be upon the theory that the retention of this money by the defendant would be an unjust enrichment, and the extent of this unjust enrichment would be ascertained by determining the loss suffered by the defendant from the plaintiff's failure to make all the payments and subtracting that from the amount actually advanced plus interest. While it is true that the plaintiff failed to perform by continuing to make the installment payments, the record shows that such failure resulted from inability caused by the destruction of his business by fire. His failure under such circumstances does not preclude him from claiming restitution to the extent that the defendant would otherwise be unjustly enriched. Restatement, Contracts, Sec. 357; Restatement, Restitution, Sec. 108.

So if the defendant suffered any damage by reason of the plaintiff's default, the amount of such damage should be deducted from the amount paid to the defendant. Now what is the rule by which to measure this damage.

The rule of damages for breach of a contract to loan is stated in 15 Am. Juris. 465, as follows:

"In the absence of the existence of any special circumstances when they may reasonably be supposed to have been within the contemplation of the parties when the contract was made, the measure of damages for breach of an agreement to lean money is the difference, if any, between the interest that the borrower contracted to pay and what he was compelled to pay to procure the money, not exceeding, perhaps, the highest rate allowed by law or the generally prevailing rate, since in legal contemplation money is always in the

market and procurable at the lawful rate of interest. It is obvious that the measure of damages is not the amount agreed to be loaned or advanced, since damages are to be limited to losses sustained."

And, at page 466:

"On breach of a contract to loan money where special circumstances **prior to the completion of twelve (12) monthly payments, or the equivalent thereof, and such default continue for a period of three (3) years, then all rights of the Bearer shall cease and determine.** If such default occur after the completion of twelve (12) monthly payments, or the equivalent thereof, and continue for a period of three (3) years, then this contract shall automatically be converted into a Paid-Up Contract in accordance with the Paid-Up Contract table hereof."

Now, is this a provision for a penalty or for liquidated damages? If it is a penalty, it will not be enforced.

Does it have any relation to damages suffered by the defendant by reason of were known to both parties from which it must have been apparent that special damages would be suffered from a failure to fulfil the obligation, such special damages as may appear to have been reasonably contemplated by the parties are recoverble."

As already stated, the record fails to show that the plaintiff knew anything about the obligation of the defendant to pay commission at the time these contracts were negotiated or made. The commissions are, therefore, not a proper charge under the head of special damage.

Goodall v Accumulative Income Corporation, 185 Minn., 213, 240 N. W. 534, is a case in which the facts are substantially the same as they are in this case, and the same result was reached.

For these reasons, the judgment of the Common Pleas Court is affirmed.

HAMILTON, PJ., concurs.

ROSS, J. (Dissenting):

The opinion of the majority of the court relying upon the rule stated in 15 Am. Juris. 465, finds that the plaintiff had no reason to suppose that the defendant had incurred any special expense in connection with the initiation of the contract to loan between plaintiff and defendant. In this respect the record shows that the plaintiff when the first contracts were secured dealt with an agent of the defendant, who induced him to agree to loan the defendant the sums agreed upon, and at the periods stipulated. It may be assumed that the defendant would not have entered into the agreement in question unless the contract, if carried cut by the plaintiff, was advantageous to it.

The defendant was caused to believe that it could rely upon regular monthly payments, over a period of seven years. Relying upon this assurance, it actually paid out the sum of $339.00, as commissions to its agent.

Reference to the Bill of Particulars shows that the action of plaintiff is to recover an amount which he asserts he loaned the defendant and which the defendant now refuses to repay.

The majority opinion correctly places the right of plaintiff to recover upon the basis of "unjust enrichment".

In **Hummel, Sr. v Hummel, et, 133 Oh St 520,** this action is discussed in the opinion. While the action is in the form of a law action, it is based upon equitable principles. The plaintiff is entitled to recover because the defendant is "obliged by the ties of natural justice and equity to refund the money".

The plaintiff in the instant case definitely caused the defendant to expend the sum of $339.00, based upon the plaintiff's promise to make 84 consecutive monthly payments. The plaintiff has refused to perform this contract. It is my conclusion that no conception of natural justice or equity under such circumstances requires the defendant to repay this sum of $339.00, which the defendant was caused to expend in direct reliance upon the plaintiff's promise, which he has wilfully broken.

In my opinion, the judgment of the Court of Common Pleas should be reversed, and that of the Municipal Court of Cincinnati, affirmed.